**INTERGEN N.V., Plaintiff**

v.

**Eric F. GRINA, Alstom Power Generation, Limited, Alstom Power UK Holdings, Ltd., Alstom Power NV, ABB Asea Brown Boveri Limited, and ABB Limited, Defendants**

No. CIV.A. 01–11774–REK.

United States District Court,
D. Massachusetts.

March 29, 2002.

Evan Slavitt, Gadsby & Hannah LLP, Boston, MA, for Plaintiff.

Scott C. Gladstone, Barry Y. Weiner, Christopher P. Litterio, Ruberto, Israel & Weiner, P.C., Boston, MA, John M. Townsend, Hughes, Hubbard & Reed, Washington, DC, Martin F. Gaynor, Hanify & King, P.C., Boston, MA, Douglas F. Broder, Coudert Brothers, Erika R. George, Clyde III Ranking, Coudert Brothers LLP, New York City, for Defendants.

Memorandum and Order

KEETON, District Judge.

Pending for decision is plaintiff's Motion for Permission to Contact Former Em-

ployees (Docket No. 57, filed March 26, 2002). I received submissions from the parties on this issue and heard oral arguments on March 29, 2002.

*First,* I accept as controlling and follow the clear holding of the Supreme Judicial Court of Massachusetts in *Messing,* that Rule 4.2 of the Massachusetts Rules of Professional Responsibility

> ban[s] contact only with those employees who have the authority to "commit the organization to a position regarding the subject matter of representation." *See Johnson v. Cadillac Plastic Group, Inc.,* 930 F.Supp. 1437, 1442(D.Colo.1996); Restatement (Third) of Law Governing Lawyers, *supra* at § 100 comment e. *See also* Ethics 2000 Commission Draft for Puclic Comment Model Rule 4.2 Reproter's Explanation of Changes (Feb. 21, 2000)(recommending deletion of the third category of the comment).

*Messing v. Harvard College,* 436 Mass. 347, 357, 764 N.E.2d 825 (2002)(footnote omitted).

*Second,* I take note that the Supreme Judicial Court declared that "[t]he employees with whom contact is prohibited are those with 'speaking authority' for the corporation who 'have managing authority sufficient to give them the right to speak for, and bind, the corporation.'" *Id.* at *357, 764 N.E.2d 825 (internal citation omitted).

█ *Third,* I take note that the Supreme Judicial Court was speaking about "employees" in the sense of current employees, not former employees. I rule that no former employee has current "speaking authority" for any corporation of which he was an employee formerly. *Id.* at *357, 764 N.E.2d 825.

*Fourth,* defense counsel does not currently represent any of the former corporate employees.

These rulings make irrelevant to the decision of this motion all other issues raised by defense counsel in opposition to this motion.

Of course, compliance with the provisions of Rule 4.3 of the Massachusetts Rules of Professional Responsibility is expected whenever an ex parte contact occurs with a former employee of a corporation.

### ORDER

For the foregoing reasons, it is OR-DERED:

Plaintiff's Motion for Permission to Contact Former Employees (Docket No. 57, filed March 26, 2002) is ALLOWED.